# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

GLEN ALAN SHARKANY,  :
    Plaintiff,  :
                                                  :
v.  :          CASE NO. 3:17-cv-00005 (VAB)
                                                :
BRIAN J. TOPER and PATRICK  :
NORTON,  :
    Defendants.  :

## RULING ON MOTIONS TO AMEND COMPLAINT AND
## MOTION TO PROCEED *IN FORMA PAUPERIS*; ORDER DISMISSING CASE

Mr. Sharkany seeks to amend his Complaint as well as leave to proceed *in forma pauperis* in this action under 28 U.S.C. § 1915. For the reasons set forth below, Mr. Sharkany's motions to amend his Complaint and add exhibits are **GRANTED**; his motion for leave to proceed *in forma pauperis* is **DENIED**, and his Complaint is **DISMISSED without prejudice**.

In Mr. Sharkany's two motions to amend the Complaint, ECF Nos. 5 and 6, he seeks to add several exhibits to the Complaint as well as correct one typographical error. Courts are instructed to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, both motions are granted. Mr. Sharkany's additional exhibits and edits are incorporated into his Complaint, and all documents submitted to the Court have been considered in connection with this ruling.

Mr. Sharkany also moved for leave to proceed *in forma pauperis*. It is well-settled that the decision to proceed *in forma pauperis* in civil cases is committed to the sound discretion of the district court. *Bounds v. Smith*, 430 U.S. 817, 826 (1977); *Patterson v. Rodgers*, 708 F. Supp. 2d 225, 230 (D. Conn. 2010). Applications to proceed *in forma pauperis* require a two-step process of review by the district court. *Bey v. Syracuse Univ.*, 155 F.R.D. 413, 413 (N.D.N.Y. 1994). First, the Court must determine whether the litigant qualifies to proceed *in forma*

*pauperis* based on economic status. 28 U.S.C. § 1915(a)(1). According to the Court's review of the financial affidavits that Mr. Sharkany submitted, Mr. Sharkany has satisfied this requirement.

The second step of the review process requires the Court to determine whether the cause of action is frivolous, malicious, or without merit. 28 U.S.C. §1915(e)(2)(B). This Court "*shall dismiss* the case at any time if the court determines that…the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* (emphasis added).[1] The Court concludes that Mr. Sharkany's claims cannot succeed on the merits. Therefore, this case is appropriately dismissed for failure to state a claim.

Mr. Sharkany's Complaint brings claims against two United States Probation Officers, Brian Toper and Patrick Norton. Compl., ECF No. 1. Specifically, he alleges that Mr. Toper and Mr. Norton illegally arranged for his confinement at Whiting Forensic Institute ("Whiting"),[2] a mental health institution, following the completion of his federal criminal sentence on March 26, 2016. Compl. at 3, ECF No. 1. He alleges that, at the commencement of his term of supervised release, Mr. Toper and Mr. Norton communicated confidential health information to Whiting and improperly arranged a psychological examination without a prior court order, resulting in his eventual commitment by order of a Probate Judge. *Id*. In a two-count Complaint, he seeks to bring claims of unlawful confinement and cruel and unusual punishment against Mr. Toper and Mr. Norton. *Id.* at 3-4.

---

[1] The term "frivolous" is not intended to be insulting or demeaning; it is a term of art that has a precise meaning. A claim is said to be frivolous if it does not have an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court, by using this term as required, does not intend to diminish what Mr. Sharkany has experienced or its impact upon him.

[2] Throughout the Complaint Mr. Sharkany refers to this institution as "Whitting Forensic Institute." He appears to be referring to the Whiting Forensic Division of Connecticut Valley Hospital, located in Middletown, Connecticut. *See Whiting Forensic Division of Connecticut Valley Hospital (CVH)*, Dep't of Mental Health & Addiction Services, http://www.ct.gov/dmhas/cwp/view.asp?q=412462 (last modified Feb. 21, 2017).

"Civil commitment for any purpose requires due process protection." *Project Release v. Prevost*, 722 F.2d 960, 971 (2d Cir. 1983). In Connecticut, Conn. Gen. Stat. § 17a-520 governs the process by which a former inmate may be transferred to a state hospital for persons with psychiatric disabilities "at the time of the expiration of the term of imprisonment for which he was committed…." Conn. Gen. Stat. § 17a-520. Under this statute, upon transfer to the state hospital, "the superintendent of such hospital shall cause proceedings for the commitment of such person to be instituted in the court of probate having jurisdiction in the town where such hospital is located, unless such person is already under an order of commitment of a court of probate." *Id.* At that time, two probate court-appointed physicians must "fully investigate the facts of the case," after which time the probate court "may order such person detained in such hospital until he has recovered his sanity." *Id.*

The record demonstrates that this procedure was properly followed in Mr. Sharkany's case. The Court takes judicial notice of the Memorandum from the United States Probation Office to Judge Bryant, who presided over Mr. Sharkany's underlying criminal proceeding. *See United States v. Sharkany,* Case No. 3:13-CR-00094 (VLB), Probation Mem., ECF No. 43 (Sealed). The Memorandum outlines the Probation Office's initial request that Mr. Sharkany's mental health information be provided to the State of Connecticut Department of Mental Health and Addiction Services, Division of Forensic Services, for purposes of a psychological evaluation. This proposal was approved by Judge Bryant on February 8, 2016, over three months before Mr. Sharkany's scheduled release date on May 26, 2016. *Id.* The record demonstrates that Mr. Sharkany was transported to Connecticut Valley Hospital for an evaluation following his release, and that Probate Judge Marino ordered him to be civilly committed following a probate hearing on June 17, 2016, within one month of Mr. Sharkany's

3

arrival. *See United States v. Sharkany,* Case No. 3:13-CR-00094 (VLB), Gov't Reply Br., ECF No. 50; Compl. at 4, ECF No. 1.

As discussed above, the statutes governing civil commitment following the completion of a criminal sentence allow for an individual to be transferred to the institution in question and held there involuntarily before a probate proceeding has taken place, provided that the individual is properly examined upon arrival and a probate proceeding is promptly scheduled. Conn. Gen. Stat. § 17a-520. Mr. Sharkany does not allege that the evaluation or probate proceeding never took place; rather, he complains that Judge Marino's order of commitment is "moot null and void" because Mr. Sharkany had been initially "herded into the building [without] any court order" following the completion of his criminal sentence. Compl. at 4, ECF No. 1.

Mr. Sharkany's pre-hearing confinement in a psychiatric hospital does not categorically violate his constitutional rights. *See Addington v. Texas*, 441 U.S. 418, 431 (1979) ("As the substantive standards for civil commitment may vary from state to state, procedures must be allowed to vary so long as they meet the constitutional minimum."); *Project Release,* 722 F.2d at 975 ("That some states have chosen to limit pre-hearing confinement to a shorter period does not mean that such a model 'is needed or is even adaptable to the needs of all states.'") (quoting *Addington,* 441 U.S. at 431). Mr. Sharkany's initial transfer to Whiting and his time at Whiting in advance of his court-ordered commitment did not violate Mr. Sharkany's rights under Connecticut law. In addition, the facts alleged in the Complaint, taken as true, do not raise a valid claim that the Connecticut civil commitment statute, as applied here, is unconstitutional.

Even if Defendants' actions were found to be improper, Mr. Sharkany's claims cannot succeed because the Defendants named in the Complaint are immune from suit. Mr. Sharkany brings this lawsuit against two United States Probation Officers based on their actions as

4

probation officers. The Second Circuit has granted absolute immunity to probation officers who are acting as an "arm of the court," protecting them from any liability for actions taken in that capacity. *Peay v. Ajello*, 470 F.3d 65, 70 (2d Cir. 2006) ("In light of the role Connecticut law assigns to presentence reports in aid of a judicial function and the safeguards in place to protect a defendant's right to be sentenced based on accurate information, we hold that absolute immunity from claims for damages applies to Connecticut probation officers in the preparation and submission of presentence reports."); *Dorman v. Higgins*, 821 F.2d 133, 137 (2d Cir. 1987) (granting absolute immunity to federal probation officers for the improper completion of pre-sentence reports because they are acting "as an arm of the court and that that task is an integral part of one of the most critical phases of the judicial process"); *cf. Scotto v. Almenas*, 143 F.3d 105, 112 (2d Cir. 1998) (protections of absolute immunity do not extend to actions that are "not performed under judicial direction").

The record demonstrates that Defendants arranged Mr. Sharkany's psychological evaluation at Connecticut Valley Hospital in accordance with Mr. Sharkany's judge-ordered criminal sentence, which required participation in mental health treatment as a condition of supervised release. *See United States v. Sharkany,* Case No. 3:13-CR-00094 (VLB), Judgment, ECF No. 37. Judge Bryant formally ordered Mr. Sharkany's evaluation on February 8, 2016, *see United States v. Sharkany,* Probation Mem., ECF No. 43 (sealed), and all subsequent conduct on the part of Defendants, including transporting Mr. Sharkany to Whiting, followed directly from that court-ordered psychological examination. As a result, all of Mr. Sharkany's complained of actions were actions taken by Defendants "as an arm of the court" in their handling of Mr.

5

Sharkany's healthcare following his term of incarceration. Accordingly, Defendants are protected by absolute immunity, and Mr. Sharkany's claims against them cannot proceed.[3]

As Mr. Sharkany has failed to state an actionable claim, dismissal is warranted.[4] *See Ahmed-Al-Khalifa v. Trayers*, No. 3:13-CV-00869 (CSH), 2013 WL 3326212, at *1 (D. Conn. July 1, 2013) ("[A] court shall dismiss a case in which there has been a motion for proceeding *in forma pauperis*… 'if the court determines that ... the action ... fails to state a claim on which relief may be granted.'") (quoting 28 U.S.C. § 1915(e)(2)(B)(ii)). Mr. Sharkany's pending motion to stay, ECF No. 7, and his recent motion for an order directing service, ECF No. 8, are denied as moot.

Absent factual allegations that Defendants did something other than what was approved under a court order, leave to amend Mr. Sharkany's Complaint would likely be futile. *See Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("Where it appears that granting leave to amend is unlikely to be productive… it is not an abuse of discretion to deny leave to amend.") (citing *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993)). Nevertheless, the Court will dismiss this case without prejudice in the event that Mr. Sharkany can make such allegations. Any Amended Complaint containing such allegations must be filed within twenty (20) days of this ruling or this case will be dismissed.

---

[3] To the extent that Mr. Sharkany seeks to challenge the order of civil commitment issued by Probate Judge Marino, Mr. Sharkany could have taken advantage of his statutory right to "appeal to the superior court for the judicial district having jurisdiction" within thirty (30) days of the probate court order. Conn. Gen. Stat. § 17a-520.

[4] Even apart from the protections of absolute immunity in this case, it is well-established that "[g]overnment officials who are sued in their individual capacity under Section 1983 are qualifiedly immune from civil damages 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Katzman v. Khan*, 67 F. Supp. 2d 103, 109 (E.D.N.Y. 1999), *aff'd*, 242 F.3d 365 (2d Cir. 2000) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). As both Defendants were performing their duties as United States Probation Officers when transferring Mr. Sharkany to Whiting following his criminal sentence, and as their actions complied with the typical procedures for civil commitment under Connecticut law, they are covered by qualified immunity and are protected from civil damages in this case. *Id*.

6

**SO ORDERED** this 8th day of June, 2017, at Bridgeport, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE